insufficient showing of actual damages to sustain a fine for the full amount of the judgment. It appears from the affidavit of the attorney for the judgment creditor that the actual value of the transferred property may be recoverable from the leviable interest in the 1961 automobile of the judgment debtor. Order affirmed, without costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

■ In the Matter of 300 BROADWAY REALTY CORPORATION. AMERICAN CONTRACTING CO., INC.— Order of April 27, 1962 vacated and stay of March 14, 1962, reinstated. The letter of appellant's attorney stating he was withdrawing the appeal did not itself terminate the appeal which can be discontinued only on our order. Either party may now submit an order discontinuing the appeal which order shall provide that the time fixed by the order of the Special Term appealed from to file an amended statement of lien be extended to five days from the notice of entry of such order of discontinuance. On an appeal from an order allowing an appellant an alternative of performing some further act within a given time, it is the usual practice on affirmance to extend the time; and upon discontinuance of appeal the same result would follow as a matter of course. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.

■ BERTHA F. BANGS, Appellant, v. ARTHUR MALIAN et al., Defendants, and ABRAHAM STREIFER, Respondent. BERTHA F. BANGS, Appellant, v. EDWARD DEGROFF, JR., et al., Defendants, and ABRAHAM STREIFER, Respondent.— Order modified to permit plaintiff to replead and as thus modified, affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.

## (May 18, 1962)

In decisions Nos. 1–6: Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ (A) In the Matter of the Claim of JOSEPHINE MOSCATO, Appellant, v. STARR DRESS & COSTUME CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (B) In the Matter of the Claim of SYLVIA OBER, Appellant, v. FRANK STARR, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (C) In the Matter of the Claim of LOUIS COHEN, Appellant, v. HENRY GANZ et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (D) In the Matter of the Claim of ETHEL RICHMOND, Appellant, v. DANCE ORIGINALS INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (E) In the Matter of the Claim of TILLIE RIBNER, Appellant, v. IRVAL DRESS COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (F) In the Matter of the Claim of LENA RABINOWITZ, Appellant, v. ROCCO MAGRI et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (G) In the Matter of the Claim of MOLLIE ROSENZWEIG, Appellant, v. TRIO STYLES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (H) ROYAL BRAGIN, Appellant, v. CHARLES B. MUHLIG, JR., Respondent. (I) In the Matter of the Claim of OSCAR LEVINE, Appellant, v. NEW YORK DAILY NEWS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (J) In the Matter of ZERAH CONE, as Temporary Administrator of the Estate of NELLIE G. CAMP, Deceased. SOLOMON WINNER.— [In each action] Motions to dismiss appeals granted by default, without costs.

■ (A) In the Matter of the Claim of KENNETH McMAHON, Respondent, v. BAILEY CLOCK MANUFACTURING COMPANY, INC., Appellant, and HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. (B) In the Matter of the Claim of JACK STURM, Respond-